UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD EDWARD CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>ADA COUNTY JAIL MEDICAL,<br><br>Defendant. | Case No. 1:20-cv-00431-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Todd Edward Carlson's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B) & 1915A(b).

## 2.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are

insufficient for the reviewing court plausibly "to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal

quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's

liability," or if there is an "obvious alternative explanation" that would not result in

liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at

678, 682 (internal quotation marks omitted). And, a court is not required to comb through

a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

## 3.    Factual Allegations

Plaintiff is an inmate currently confined in the Ada County Jail. Plaintiff states that

in June, July, and August 2020, he received constitutionally inadequate medical care at

the jail. *Compl.*, Dkt. 2, at 2. Plaintiff describes the factual basis of his claim as follows:

> Doctor veiwed [sic] me for 15-20 seconds, no physical
> examinations were made at all. County jail doctor denied
> medication prescribed by another doctor for me severe
> medical pain and nerve damage…. Treatment by doctor was

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

> not adequate in regards to my chronic injuries that I was
> currently seeking treatment for….

*Id*.

Plaintiff alleges that Defendant Ada County has denied him adequate medical care in violation of the Eighth Amendment. *Id*.

**4.    Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials and jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title

notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

To bring a § 1983 claim against a municipality—such as Ada County—or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy

or custom amounted to deliberate indifference to plaintiff's constitutional right; and

(4) the policy or custom was the moving force behind the constitutional violation. *Mabe*

*v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality

or private entity performing a state function "may be held liable under § 1983 when the

individual who committed the constitutional tort was an official with final policy-making

authority or such an official ratified a subordinate's unconstitutional decision or action

and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir.

2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d

1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it

constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper

custom may not be predicated on isolated or sporadic incidents; it must be founded upon

practices of sufficient duration, frequency and consistency that the conduct has become a

traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.

1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a

plaintiff must provide specific facts supporting the elements of each claim and must

allege facts showing a causal link between each defendant and Plaintiff's injury or

damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at

679.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

### A.    *Legal Standards for Inmates' Claims of Inadequate Medical Treatment*

It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate at the time his claims arose. That status determines whether Plaintiff's medical treatment claims should be analyzed under the Eighth Amendment or the Fourteenth Amendment. If Plaintiff files an amended complaint, he must clarify his status.

The Eighth Amendment prohibits cruel and unusual punishment and applies to convicted inmates. To state a claim under the Eighth Amendment, an inmate must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical and mental health treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

*McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060. Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

"If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical providers who *did* actually know of a substantial risk to inmate health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

Differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must plausibly allege that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015).

Claims of inadequate medical treatment asserted by pretrial detainees are analyzed not under the Eighth Amendment, but under the Due Process Clause of the Fourteenth Amendment. Such claims are evaluated using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating medical treatment claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied sub nom. Los Angeles Cty. v. Castro*, 137 S. Ct. 831 (2017); *see also Daniels*, 474 U.S. at 332. Therefore, a pretrial detainee complaining of inadequate medical treatment must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

### B.     *The Complaint Does Not State a Plausible § 1983 Claim*

The Complaint fails to state a claim upon which relief may be granted. Plaintiff offers no facts about his underlying medical condition. Further, Plaintiff has not plausibly alleged that Ada County has a policy or custom amounting to deliberate indifference to inmates' medical care. The Complaint plausibly suggests only that the individual medical provider who evaluated Plaintiff decided not to do a physical examination and chose to prescribe a different medication than Plaintiff's previous doctor had. This does not

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

support a reasonable inference that Ada County has a practice of failing to examine

inmates who seek medical care, of prescribing substandard medication, or of otherwise

providing inadequate medical treatment.

Further, a jail doctor's judgment in deciding to prescribe a different medication

than another doctor—or to prescribe a medication other than Plaintiff's preferred

medication—does not support to a civil rights claim under § 1983. Only if the doctor's

choice of medication was "medically unacceptable under the circumstances" could such

action support an Eighth Amendment claim, *see Toguchi*, 391 F.3d at 1058, and only an

objectively unreasonable choice of medication could support a due process claim, *see*

*Gordon*, 888 F.3d at 1124–25. Plaintiff simply has not plausibly alleged that his medical

treatment was constitutionally inadequate—whether he was a pretrial detainee or a

convicted inmate at the time of the events described in the Complaint.

## 5.      Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the

actions complained of have resulted in a deprivation of Plaintiff's constitutional rights.

*See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by*

*Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal

connection between each defendant's actions and the claimed deprivation. *Taylor*, 880

F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and

conclusory allegations of official participation in civil rights violations are not sufficient

to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and

1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

*also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

*County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.      The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed

without further notice. Alternatively, Plaintiff may file a Notice of

Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2.    Additionally, it appears that Plaintiff has not updated his address with the

Court. *See* Dkt. 9 (mail to Plaintiff returned as undeliverable with the

notation, "inmate not in custody"). Plaintiff must notify the Court of his

current address within 14 days. If he does not, this case may be dismissed

for failure to prosecute without further notice.

3.    Plaintiff's request for appointment of counsel (contained in the Complaint)

is DENIED without prejudice. Plaintiff may renew the request for counsel

in an amended complaint.

DATED: November 4, 2020

B. Lynn Winmill
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14